```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 25 2013
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| IN THE GUARDIANSHIP MATTER OF CHARLES ANDERSON, AN INCAPACITATED ADULT PERSON | § § § § § |
| THE GUARDIANSHIP OF CHARLES ANDERSON, DAVID C. BAKUTIS, GUARDIAN,<br><br>         Plaintiff,<br><br>VS.<br><br>ONEWEST BANK, FSB,<br><br>         Defendant. | § § § § § § § § § § § § § |

                         NO. 4:13-CV-322-A

## MEMORANDUM OPINION
and
## ORDER

Before the court for decision is the motion of plaintiff, David C. Bakutis, as guardian of the Estate of Charles Anderson, an Incapacitated Adult Person, to remand. After having considered such motion, the response thereto of defendant, OneWest Bank, FSB, plaintiff's pleading, and pertinent legal authorities, the court has concluded that such motion should be granted.

The jurisdictional basis for the removal was diversity of citizenship and the requisite amount in controversy. The court has not been persuaded that defendant has proved that the amount

in controversy is greater than $75,000.  The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction.  "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper."  Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  Manguno, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the

notice of removal or in an affidavit or declaration, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

Defendant's argument in support of jurisdictional amount appears to measure the amount in controversy from defendant's viewpoint, rather than from the perspective of the plaintiff. When viewed from the perspective of the plaintiff, there is no evidence as to the value to plaintiff of the grant of the requested declaratory relief. The property in question apparently has been sold by plaintiff, with the consequence that the value of the property does not establish the amount in controversy viewed from the standpoint of the plaintiff. The parties seem to agree that plaintiff has no personal liability to defendant. There is no suggestion in any of the papers filed by either party as to the value to plaintiff of the declaratory

relief sought by plaintiff in this action. Therefore, defendant has failed to carry its burden to demonstrate to the court that the amount in controversy satisfies the diversity of citizenship subject matter jurisdiction requirement.

For the reasons stated above,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted and that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 25, 2013.

_____
JOHN McBRYDE
United States District Judge